1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH CUNNINGHAM,

    Plaintiff,

  v.

SWEDISH HEALTH SERVICES d/b/a
SWEDISH MEDICAL CENTER AND HRN
SERVICES, INC.,

    Defendant.

Case No. C13-2287RSL

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND

## I. INTRODUCTION

This matter comes before the Court on defendant's "Motion to Dismiss" (Dkt. #7) pursuant to Fed. R. Civ. P. 12(b)(6). Defendant moves to dismiss plaintiff's first, third, and fourth causes of action for failure to state a claim upon which relief can be granted. Motion (Dkt. #7) at 1. In response, plaintiff asserts that it would be inappropriate to dismiss the claims or, in the alternative, that she should be granted leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). See Response (Dkt. #9) at 6-7.

The Court has reviewed the parties' submissions. For the reasons discussed below, the Court GRANTS defendant's motion to dismiss (Dkt. #7) and GRANTS plaintiff leave to amend her complaint (Dkt. #9).

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

# II. DISCUSSION

**A. Background**

Plaintiff worked for defendant as a certified Nursing Assistant for more than sixteen years. Notice of Removal (Dkt. #1) Ex. 1 at 2. Defendant discharged plaintiff following a positive blood test for alcohol. Id. at 2-3. Plaintiff asserts that her supervisor negligently interpreted the results of the blood test when terminating her employment. Response (Dkt. #9) at 2. Plaintiff alleges four claims for relief: (1) corporate negligence; (2) breach of contract; (3) disability discrimination; and (4) negligent infliction of emotional distress. Notice of Removal (Dkt. #1) Ex. 1 at 1.

**B. Standard of Review**

A district court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Dismissal is proper if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003). If the proposed amendment would be futile, there is no reason to put a defendant through the unnecessary expense and delay of responding to the amendment. Nordyke v. King, 644 F.3d

1  776, 787 n.12 (9th Cir. 2011).

2  **C. Corporate Negligence**

3      Plaintiff has stipulated to the dismissal of her first cause of action alleging corporate

4  negligence. Response (Dkt. #9) at 5. The Court therefore GRANTS defendant's motion to

5  dismiss plaintiff's first claim for relief.

6  **D. Disability Discrimination**

7      In her complaint plaintiff asserts that she was discriminated against by defendant because

8  of her disabilities. Notice of Removal (Dkt. #1) Ex. 1 at 5. Plaintiff fails to identify whether her

9  purported claim arises under the Americans with Disabilities Act or the Washington Law

10  Against Discrimination.[1] See Motion (Dkt. #7) at 4 n.1.

11      Under Washington law, "[a]n employee alleging disability discrimination must establish

12  that he or she (1) is in a protected class (disabled), (2) was discharged, (3) was doing satisfactory

13  work, and (4) was replaced by someone not in the protected class." Roeber v. Dowty Aerospace

14  Yakima, 116 Wn. App. 127, 135 (2003). To prevail on this claim, plaintiff must also "show that

15  a discriminatory intent was a substantial factor in [the employer's] actions." Riehl v. Foodmaker,

16  Inc., 152 Wn.2d 138, 149 (2004). Here, plaintiff alleges that "[t]he employees . . . knowing of

17  the disabilities Plaintiff had, discharged the Plaintiff." Notice of Removal (Dkt. #1) Ex. 1 at 5.

18  Plaintiff does not assert any factual allegations from which the Court could reasonably conclude

19  that discriminatory intent was a substantial factor in her termination or that plaintiff was replaced

20  by someone outside the protected class. The Court therefore GRANTS defendant's motion to

21  dismiss.

22      The Court will however GRANT plaintiff leave to amend her complaint as to her third

23  cause of action. Because the Court cannot conclude that amendment would be futile, plaintiff

24  _____

25      [1]The Court assumes that plaintiff is alleging a claim under Washington law as she does not
appear to have exhausted administrative remedies as required to assert a claim under the Americans with
26  Disabilities Act. See 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(f)(1).

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS                    -3-

1   merits the opportunity to amend her complaint under the liberally construed Fed. R. Civ. P.

2   15(a)(2). See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

3   **E. Negligent Infliction of Emotional Distress (NIED)**

4       Plaintiff asserts NIED as her fourth cause of action. Notice of Removal (Dkt. #1) Ex. 1 at

5   5. "[A]bsent a statutory or public policy mandate, employers do not owe employees a duty to

6   use reasonable care to avoid the inadvertent infliction of emotional distress when responding to

7   workplace disputes." Bishop v. State, 77 Wn. App. 228, 234-35 (1995); see also Snyder v. Med.

8   Serv. Corp. of E. Wash., 145 Wn.2d 233, 245 (2001) (affirming dismissal of NIED claim in

9   employment disciplinary context). Washington law does not recognize an NIED claim that arises

10  out of an employment termination or disciplinary dispute. See Armijo v. Yakima HMA, LLC,

11  868 F.Supp.2d 1129, 1137-38 (E.D. Wash. 2012).

12      In response plaintiff cites a single case: Morris v. Hartford Courant Co., 200 Conn. 676

13  (1986). This decision, however, is based on Connecticut law. Id. at 682. Plaintiff asserts her

14  claim under Washington law, which does not recognize an NIED cause of action in this context.

15      The Court therefore GRANTS defendant's motion to dismiss plaintiff's fourth cause of

16  action. As plaintiff's asserted claim cannot be raised under Washington law, it is "clear that the

17  complaint could not be saved by any amendment." See Jackson, 353 F.3d at 758. Plaintiff's

18  request for leave to amend her complaint with respect to her fourth cause of action is therefore

19  DENIED.

20                              **III. CONCLUSION**

21      For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt.

22  #7) and GRANTS in part plaintiff's request for leave to amend (Dkt. #9). Plaintiff may file an

23  amended complaint to correct the deficiencies of her disability discrimination claim within 15

24  days from the date of this Order. If no amended complaint is filed by that date or if the

25  allegations do not remedy the deficiencies identified in this Order, this claim will be dismissed

26  with prejudice.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS                    -4-

1

2

3          DATED this 17th day of March, 2014.

4

5                                         _MM S Casnik_
6                                         Robert S. Lasnik
                                          United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS                    -5-